IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DORIAN LEE,                                *

    Plaintiff,                      *

    v.                              *     Civil Action No. RDB-16-1364

HAGERSTOWN GOODWILL,                       *
INDUSTRIES, INC.,                          *

    Defendant.                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

Plaintiff Dorian Lee ("plaintiff" or "Lee"), a transgender, African-American woman, has filed a four-count Complaint against defendant Hagerstown Goodwill Industries, Inc. ("defendant" or "HGI"), Lee's former employer, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, and the "Maryland Human Rights Act"[1] alleging, *inter alia*, discrimination on the basis of sex and race. (ECF No. 1 at ¶ 8.)

Now pending before this Court is defendant HGI's Motion to Dismiss ("Defendant's Motion") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure[2] based on plaintiff's failure to timely serve process on defendant. (ECF No. 5.) The parties'

---

[1] Plaintiff provides no citation for this purported statute. In light of the nature of the allegations, it appears that plaintiff may contemplate the Maryland Human Relations Act, Title 20 of the Maryland Code, and/or the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't §§ 20-266(a).

[2] In its Motion and Reply, defendant refers only to Rule 4(m), which sets forth the requirement that service be made timely. It is Rule 12(b)(5), however, which provides the vehicle for Defendant's Motion. Fed. R. Civ. P. 12(b)(5).

1

submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, Defendant's Motion (ECF No. 5) is DENIED.

**BACKGROUND**

Plaintiff Dorian Lee is an African-American transgender woman who resides in Hagerstown, Washington County, Maryland.  (ECF No. 1 at ¶ 8.)  Defendant HGI is a Maryland corporation operating under the tradename "Horizon Goodwill Industries," and has a primary place of business in Hagerstown, Washington County, Maryland.  (*Id.* at ¶ 9.)

HGI hired plaintiff into a job training program from August 20, 2014 through January 16, 2015.  (ECF No. 1 at ¶ 11.)  Plaintiff alleges that she was continually harassed by HGI employees based on her gender identity.  (*Id.* at ¶ 14.)  Ms. Lee applied for a number of permanent and temporary positions with HGI, but was not hired for any of those positions.  (*Id.* at ¶ 19.)  Plaintiff alleges that that she was not hired due to her status as an African-American transgender woman and her perceived failure to conform to gender stereotypes.  (*Id.* at ¶¶ 27, 32.)

As required under Title VII, plaintiff filed a timely Charge of Discrimination against HGI with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2015.[3]  (ECF No. 1 at ¶ 6.)  Plaintiff's Charge was then referred to the Maryland Commission on Civil Rights.  (*Id.*)  The EEOC dismissed plaintiff's Charge and issued her a Right-to-Sue Letter on February 5, 2016.  (ECF No. 1-1.)

---

[3] *See Johnson v. United Parcel Serv., Inc.*, RDB-14-4003, 2015 WL 4040419, at *6 (D. Md. June 30, 2015) ("[A] plaintiff in Maryland has 300 days [after the alleged unlawful employment practice] to file a charge with the EEOC.").

Plaintiff timely filed her Complaint in this Court on May 5, 2016. (ECF No. 1.) A Summons was issued on May 26, 2016. (ECF No. 4.) On February 9, 2017, defendant's resident agent, Kirk C. Downey, Esq., spoke with plaintiff's counsel and agreed to accept service on behalf of HGI. (Downey Aff., ECF No. 5 at 4, ¶ 3.) Plaintiff served the Summons on Mr. Downey on February 21, 2017. (*Id.* at ¶ 4.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve process on the defendant within ninety (90) days after the Complaint is filed. Fed. R. Civ. P. 4(m). This rule further provides that if a plaintiff fails to timely serve process on the defendant, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* A party may move to dismiss a Complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5).

## ANALYSIS

It is undisputed that plaintiff failed to timely serve process on defendant. (ECF No. 8 at ¶ 1.) Plaintiff provides no explanation whatsoever for this failure, but urges the Court, in its discretion, to extend time for service. (*Id.* at ¶ 3) (citing *Henderson v. United States*, 517 U.S. 654, 658 n.5, 116 S.Ct. 1638, 1641 n.5 (1996)). In its Reply, defendant argues that binding precedent and several decisions of this Court mandate dismissal of plaintiff's

Complaint. (ECF No. 9 at 2) (citing *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995)).

While defendant cites numerous cases of this Court in support of its position, defendant omits the decision of Chief Judge Blake in *Hammad v. Tate Access Floors, Inc.*, in which this Court noted that "the Fourth Circuit stands alone in holding that Rule 4(m) does not permit a district court to grant the plaintiff a discretionary extension of time to effect service of process," and concluded that "*Mendez* is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 527–28 (D. Md. 1999).

Indeed, the procedural meanderings of this Court's more recent decision in *Chen v. Mayor & City Council of Baltimore*, suggest that there is support for Chief Judge Blake's position in *Hammad*. In *Chen*, this Court dismissed the *pro se* plaintiff's Complaint pursuant to Rule 12(b)(5). *Chen v. Mayor & City Council of Baltimore*, GLR–11–3227, 292 F.R.D. 288, 290 (D. Md. Feb. 22, 2013). The United States Court of Appeals for the Fourth Circuit affirmed *Chen* by an unpublished, *per curiam* opinion. 546 F. App'x 187 (4th Cir. 2013). The United States Supreme Court then granted certiorari to review the Fourth Circuit's decision. *Chen v. Mayor & City Council of Baltimore, Maryland*, 135 S. Ct. 475, 190 L. Ed. 2d 355 (2014). When petitioner failed to file a timely brief, however, the Supreme Court dismissed the writ of certiorari. *Chen v. Mayor & City Council of Baltimore, Maryland*, 135 S. Ct. 939, 190 L. Ed. 2d 718. A petition for rehearing was also denied. *Chen v. Mayor & City Council of Baltimore, Md.*, 135 S. Ct. 1485, 191 L. Ed. 2d 422 (2015). As a sister court of the Fourth Circuit has noted, "[a] rare opportunity to clarify an important issue and address a split in the circuits has surely

been missed." *Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC*, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at *4 (W.D.N.C. Apr. 27, 2015).[4]

This Court fully agrees with the proposition that "federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct." *Harris*, 2015 WL 1893839, at *5 (W.D.N.C. Apr. 27, 2015) (citing *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)). With this proposition firmly in mind, and notwithstanding the fact that plaintiff has not shown good cause for its failure to timely serve defendant, this Court, in its discretion, declines to dismiss plaintiff's Complaint under Rule 12(b)(5). Defendant's resident agent agreed to accept service on defendant's behalf, and defendant can demonstrate no prejudice it will suffer based on this Court's exercise of its discretion. Accordingly, Defendant's Motion is DENIED. A Scheduling Order will be issued promptly in this case.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 5) pursuant to Rule 12(b)(5) is DENIED.

Date:  April 14, 2017                          _____/s/_____
                                               Richard D. Bennett
                                               United States District Judge

---

[4] The Court in *Harris*, comparing the decisions of this Court in *Hammad* and *Chen*, chose to follow *Hammad*— that is, for the proposition that a district court has discretion to extend the time for service of process absent a showing of good cause.